IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SHAMS U. ISLAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06cv878 (JCC) |
| ) | |
| FRANCIS H. HARVEY, ) | |
| Secretary for the ) | |
| United States Army, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion to dismiss.  For the reasons stated below, the Court will grant Defendants' motion in full.

**I. Background**

This case arises out of a federal employee's claim of religious discrimination potentially implicating Title VII and 42 U.S.C. §§ 1981 and 1983.  Plaintiff Shams U. Islam ("Islam"), a United States Citizen of Pakistani national origin and an adherent to the Muslim religious faith, was a waiter at the Fort Myer Officer's Club, a non-appropriated fund organization located at Fort Myer in Arlington, Virginia.

Plaintiff alleges that he was discriminated against on the basis of religion by his supervisors, Azeb Aweke ("Aweke"), an Ethiopian and Christian, and Joan Curry ("Curry"), a Catholic

-1-

American.  Plaintiff alleges very little as to specific instances of discrimination, but generally alleges a hostile work environment that resulted in a reduction of the amount of tables he could serve, his removal as a bartender, and his transfer away from those that spoke his native language.  Furthermore, Plaintiff alleges retaliation by further instances of discrimination affecting the conditions of his employment in response to his filing of Equal Employment Opportunity grievances.

Plaintiff alleges five counts in his Complaint.  Counts I, II, and III allege hostile work environment, retaliation, and disparate treatment under Title VII.  Counts IV and V, the claims Defendants seek to dismiss, allege disparate treatment and retaliation under 42 U.S.C. §§ 1981 and 1983, respectively.  The motion is currently before the Court.

## II.  Standard of Review

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

American.  Plaintiff alleges very little as to specific instances of discrimination, but generally alleges a hostile work environment that resulted in a reduction of the amount of tables he could serve, his removal as a bartender, and his transfer away from those that spoke his native language.  Furthermore, Plaintiff alleges retaliation by further instances of discrimination affecting the conditions of his employment in response to his filing of Equal Employment Opportunity grievances.

Plaintiff alleges five counts in his Complaint.  Counts I, II, and III allege hostile work environment, retaliation, and disparate treatment under Title VII.  Counts IV and V, the claims Defendants seek to dismiss, allege disparate treatment and retaliation under 42 U.S.C. §§ 1981 and 1983, respectively.  The motion is currently before the Court.

## II.  Standard of Review

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III.  Analysis

Defendant argues that Count IV and V should be dismissed because Title VII (of which §§ 1981 and 1983 are not part) is the exclusive judicial remedy available to federal employees for claims of discrimination.  In *Brown v. General Services Administration*, the Supreme Court addressed this very issue, holding that "[Section] 717 of [Title VII]. . . provides the exclusive judicial remedy for claims of discrimination in federal employment" and dismissing Plaintiff's § 1981 claims. Despite the Supreme Court's unambiguous ruling in *Brown*, Plaintiff argues that *Brown* is distinguishable since it did not involve defendants joined under § 1981.  Plaintiff is mistaken. The plaintiff in *Brown* named as defendants not only the General Services Administration, but also his superiors at the agency. *Brown* is directly on point and declares Title VII the exclusive judicial remedy for federal employees' claims of job-related discrimination.  Therefore, Plaintiff's claims under §§ 1981 and 1983 must be dismissed, and Plaintiff must pursue his alleged discrimination under Title VII (as alleged in Counts I - III).

Even if this Court were to find *Brown* distinguishable, the Court will still dismiss Count V under § 1983 for failure to state a claim for which relief can be granted.  Section 1983, like the Fourteenth Amendment upon which the statute is based, applies only to those deprivations of rights that are

-3-

accomplished under the color of law of "any State or Territory." 42 U.S.C. § 1983.  In order for a § 1983 claim to survive a motion to dismiss, the plaintiff must allege state, not federal, action.  *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).  In this case, Plaintiff argues that, had the police reports filed against him for the alleged misconduct led to prosecution, such prosecution would have occurred in federal court using state law under the Assimilated Crimes Act, and therefore is a state action.  18 U.S.C. § 13.  Again, Plaintiff is incorrect.  No such prosecution occurred, and even if it did, prosecutions under the Assimilated Crimes Act are considered federal actions, despite being based on borrowed state law.  *United States v. Minger*, 976 F.2d 185, 187 (4th Cir. 1992).  Accordingly, Plaintiff's § 1983 claim also fails for want of a requisite state action, and must be dismissed.

In sum, Defendants' motion to dismiss Counts IV and V will be granted, and Plaintiff is limited to causes of action under Title VII as asserted in Counts I, II, and III.  Plaintiff concedes that these counts do not assert any claims against Defendants Aweke and Curry, thus, they will be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Counts IV and V will be granted.  Defendants Aweke and Curry will be dismissed from the action.

An appropriate Order will issue.


December 13, 2006                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE