```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

SHAMS U. ISLAM,                 )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:06cv878 (JCC)
                                )
PETE GEREN,                     )
Acting Secretary for the        )
United States Army,             )
                                )
     Defendant.                 )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's motion to dismiss.  For the reasons stated below, Defendant's motion will be denied.

### I. Background

This case arises out of a federal employee's claim of religious discrimination pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff Shams U. Islam ("Islam"), a United States citizen of Pakistani national origin and an adherent to the Muslim religious faith, was employed at the Fort Myer Officers' Club as a waiter and the Spates Community Club as a bartender, both of which are non-appropriated fund organizations located at Fort Myer in Arlington, Virginia.

Plaintiff alleges that he was discriminated against on the basis of religion by his supervisors in the form of

-1-

constructive discharge and a hostile work environment. Plaintiff generally alleges a work environment that resulted in a reduction of the amount of tables he could serve, his termination as bartender, and his transfer away from those that spoke his native language. Plaintiff also alleges retaliation in response to his filing of Equal Employment Opportunity grievances.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III.  Analysis

Title VII requires that "all personnel actions affecting employees or applicants for employment [with the Federal Government] shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  The matter before the Court is the Government's motion to dismiss Plaintiff's Title VII claims of discrimination by hostile work environment (Count I), retaliation (Count II), and discharge (Count III).  The Government argues that Counts I, II, and III should be dismissed for failure to state a claim upon which relief can be granted, and in the alternative, that Count III should be dismissed for failure to exhaust administrative remedies.  For the reasons stated below, the Court will deny Defendant's motion.

### A.  Hostile Work Environment under Title VII - Count I

To protect the workplace environment, Title VII creates a cause of action in favor of persons forced to work in a hostile environment that would constitute discrimination. *Meritor v. Savs. Bank v. Vinson*, 477 U.S. 57, 66 (1986).  In Count I, Plaintiff alleges that he was subjected to a hostile work environment on the basis of his religious affiliation, thereby

constituting unlawful discrimination in violation of Title VII.[1] (Complaint, ¶¶ 82-89).

To state a valid claim for hostile work environment, a plaintiff must allege that: (1) the conduct in question was unwelcome; (2) the harassment was based on his religious affiliation; (3) the harassment was sufficiently severe or pervasive to create an abusive work environment; and (4) there is some basis for imposing liability on the employer. *See White v. Federal Exp. Corp.,* 939 F.2d 157, 159-60 (4th Cir. 1991); *Swentek v. USAir, Inc.,* 830 F.2d 552, 557 (4th Cir. 1987). It is undisputed that Plaintiff properly alleges that the conduct was unwelcome and based on his religious affiliation, and that a basis for imposing liability on the employer exists. Defendant's motion to dismiss is predicated upon the argument that the alleged harassment was not sufficiently severe, and is therefore not actionable.

To be actionable under Title VII, the harrassment must be so severe or pervasive as to "alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Vinson*, 477 U.S. at 67. Unfortunately, Plaintiff fails to enumerate which allegations constituted a hostile work environment, but instead summarily concludes that Plaintiff's

---

[1] To the extent that Plaintiff may attempt to argue that he was subjected to a hostile work environment on the basis of his ethnicity/national origin, such argument will not be allowed because such allegations were not included in the complaint.

workplace was "permeated with intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the victim's employment."  (Pl.'s Opp., 20).

Plaintiff's complaint is no different, as it consistently mentions the humiliation and harassment experienced by Plaintiff with few specific instances.  However, one particular allegation gives the Court pause: the employees were encouraged by their supervisors to file false police reports alleging Plaintiff's "taking pictures," presumably in preparation for terrorist-related activities as a Muslim.  (Compl. ¶ 36).  This allegation alone, taken as true, is sufficient to state a claim for a hostile work environment, and upon further discovery, could alter the conditions of employment so far as to establish an abusive working environment constituting discrimination in violation of Title VII.[2] Therefore, Defendant's motion to dismiss Count I will be denied.

### B.  Title VII Retaliation - Count II

To state a claim for Title VII retaliation, a plaintiff must allege (1) that he engaged in protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected

---

[2] To clarify, the Court's decision is limited to a finding that Plaintiff has sufficiently stated a claim based upon this allegation.  This decision does not limit Plaintiff's ability to argue in the future that other allegations properly included in the complaint contributed to the hostile work environment.

activity and the asserted adverse action.  *Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001).  The Government argues that Plaintiff did not allege an adverse employment action, and thus, his claim for retaliation must be dismissed.

To constitute an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse," that is, "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Sante Fe. Rwy. v. White*, 126 S.Ct. 2405, 2415 (2006).

In his complaint, Plaintiff alleges that as a result of his activity with the EEO when he complained of his intolerable working conditions, his hours were significantly reduced and he was eventually terminated from his position as a bartender at Spates Community Club. (Compl. ¶¶ 91, 92).  Such actions clearly constitute "materially adverse" employment actions as they would dissuade a reasonable worker from engaging in a protected activity.[3]  Plaintiff has sufficiently alleged an adverse employment action, and has pled the requisite elements to

---

[3] The Court is not persuaded by the Government's argument that the Supreme Court's decision in *Burlington Northern* does not apply to actions involving the Federal Government.  Assuming *arguendo* that the Government is correct, these allegations would still constitute adverse employment actions under the Fourth Circuit's previous definition.

establish a valid claim of Title VII retaliation.  Accordingly, Defendant's motion to dismiss Count II will be denied.[4]

### C.  Disparate Treatment under Title VII - Count III

Finally, as to Plaintiff's claim of disparate treatment in the form of constructive discharge, Defendant moves to dismiss the claim for failure to exhaust administrative remedies, and also for failure to state a claim upon which relief can be granted.  The Court will address these arguments in sequence.

Under Title VII, a federal employee is required to exhaust his administrative remedies with the EEO as a precondition to filing suit in federal court.  42 U.S.C. § 2000e-16(c) (2000);  29 C.F.R. § 1614.407 (2006);  *Webster v. Johnson*, 126 Fed. Appx. 583 (4th Cir. 2005).  The scope of the subsequent civil action in federal court is confined by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.  *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir. 1981). Put differently, "claims and bases of discrimination set for in a Title VII complaint are cognizable as long as they are like or reasonably related to the allegations of the charge and grow out of such

---

[4] In its rebuttal, the Government alleges that these actions cannot constitute the requisite adverse employment actions since they happened before the protected activity.  Nevertheless, Plaintiff has alleged the sufficient causality and this dispute will be resolved at the summary judgment stage, at which time Plaintiff will be required to produce some evidence of causality.

-7-

allegations." *Nicol v. Imagematrix, Inc.,* 767 F. Supp. 744, 753 (E.D. Va. 1991).

In his complaint, Plaintiff alleges that the working conditions at the Officer's Club were so intolerable as to force him to quit, constituting a constructive discharge.[5] However, it was not until after Plaintiff received the final agency decision that he resigned. Plaintiff argues that the intolerable conditions leading to his resignation were within the scope of the investigation, and thus, should encompass his constructive discharge.

Although his alleged constructive discharge could not have been within the EEO investigation since it occurred after the final agency decision, it is clear that the alleged constructive discharge "grew out of" the intolerable conditions within the scope EEO investigation, and thus, are "reasonably related." Accordingly, since the allegations in Count III are sufficiently related to the EEO investigation, this Court cannot hold that Plaintiff failed to exhaust his administrative remedies.

Defendant also moves this Court to dismiss Count III for failure to state a claim upon which relief can be granted.

---

[5] In his opposition to Defendant's motion to dismiss, Plaintiff attempts to supplement his claim for disparate treatment by adding his "actual discharge" from his bartending duties at the Spates Community Club as part of Count III. Such allegations were not included in the complaint, and Plaintiff will not be allowed to amend his complaint yet a third time.

To establish a constructive discharge, a complaint must show that the plaintiff's employer deliberately made his working conditions intolerable in an effort to induce the plaintiff to quit.  *Martin v. Cavalier Hotel Corp*., 48 F.3d 1343, 1354 (4th Cir. 1995). Plaintiff's complaint satisfies these requirements by alleging that his employer reduced his hours worked and customers served such that, as a tipped employee, his pay was affected so significantly that he had to quit.  It is well-known that the income of an hourly, tipped employee varies widely with the amount of hours worked and customers served.  Therefore, such a reduction in responsibilities could significantly affect Plaintiff's income so drastically as to force him to quit, and could also constitute discrimination if made on the basis of religion.  Accordingly, Plaintiff has sufficiently alleged the elements of a constructive discharge claim, and Defendant's motion to dismiss Count III must be denied.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be denied.

An appropriate Order will issue.

May 21, 2007                          _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE